George M. Greene & another *vs.* Inhabitants of Milford.

Worcester. Oct. 1, 1884. — March 20, 1885. C. Allen & Colburn, JJ., absent.

The recitals in a warrant issued by a justice of the Superior Court, under the Pub. Sts. *c.* 80, § 88, for a jury to revise an order of the board of health of a town, that the court was not then in session in the county where the order was made, and that a failure of the applicants for the warrant to appeal from the order was caused by mistake, are not conclusive; and if the court was then in session in such county, and no hearing was had upon the question whether the failure to appeal was caused by mistake, the warrant and the proceedings under it are void.

On an application to a justice of the Superior Court, under the Pub. Sts. *c.* 80, § 88, for a warrant for a jury to revise an order of the board of health of a town, a warrant issued, dated October 27, requiring the sheriff to empanel a jury on November 15, and containing the recitals that the court was not then in session in the county where the order of the board of health was made, and that a failure of the applicants to appeal from such order within three days was

caused by mistake. On November 12, application was made to the same jus-
tice to change the time of empanelling the jury to November 23. He did so
by changing the date in the warrant from November 15 to November 23; and
nothing further was done at that time. *Held*, that the warrant could not be
considered as issued on November 12; and that, even if it could be so consid-
ered, and if the court was in session on that day, the warrant would not be
valid unless the judge then passed upon the question whether the failure to
appeal within three days was caused by mistake.

PETITION to the Superior Court, " or to any justice of said
court in vacation," alleging that on October 22, 1883, a certain
order signed by the board of health of the town of Milford was
served upon the petitioners, prohibiting them from exercising a
trade or employment, consisting of the extraction of oil, grease,
and other material from leather by the use of naphtha or other
substances, within a certain locality in Milford, and adjudging
such business within such locality to be a nuisance, and to
be attended by noisome and injurious odors, and to be other-
wise, injurious to the estates of various inhabitants within said
locality ; that the petitioners appealed from said order on Oc-
tober 26, and gave notice of their appeal to the said board
of health.

The petition further alleged that the order was invalid and
unauthorized by law, and that the petitioners' trade or employ-
ment was not attended by noisome and injurious odors; and
that the exercise of it was not a nuisance, or injurious to the
estates of various inhabitants in Milford; and that the petition-
ers had by accident and mistake failed to appeal from said order
within three days from the service thereof.

The prayer of the petition was for a warrant to issue for a
jury, according to the provisions of the Pub. Sts. c. 80 ; that
the order of the board of health might be annulled ; and for
such further orders and decrees as the nature of the case might
require.

On this petition, a warrant issued to the sheriff of the county
of Worcester, requiring him to empanel a jury on November 23,
1883, " to hear and determine the matter of said order of said
board of health, and the appeal " of the petitioners. The war-
rant bore teste at Boston in the county of Suffolk, October 27,
1883, and was signed " Caleb Blodgett, Justice of the Supe-
rior Court." It contained among others the following recitals :

" Whereas George M. Greene and Randall B. Greene, both of Milford, in said county of Worcester, on this twenty-seventh day of October, in the year of our Lord eighteen hundred and eighty-three, the Superior Court not being now in session in said county of Worcester, made application to me, Caleb Blodgett, one of the justices of said Superior Court, . . . . and whereas it is made to appear to me that the failure of the said George M. Greene and Randall B. Greene to appeal from said order, and to apply to said Superior Court, or a justice thereof, for a jury, within three days from the service of said order upon them, was caused by mistake."

Before the sheriff's jury were empanelled, the town of Milford objected to proceeding with the hearing, on the ground that the proceedings preliminary to the granting of the warrant were void for the following reasons: " 1. Because the prayer of the petitioners was granted without due notice to the board of health which made the original order, and said board of health and said town had no opportunity to be heard as to the issuing of said warrant and the allowance of a jury on said petition.

" 2. Because the petitioners did not apply to the Superior Court, or a justice thereof, within three days from the time of the service of said order upon them, and because said board of health and said town had no opportunity to be heard on the question whether the delay in filing said application and taking said appeal was for justifiable cause under the statute.

" 3. Because said warrant was granted by a justice of the Superior Court in Boston, in the county of Suffolk, and not by the Superior Court sitting in the said county of Worcester, although said court was in session in said county at the time of the issuing of said warrant."

The sheriff overruled the objections; and the trial proceeded, and a verdict was rendered annulling the order of the board of health. After the verdict was returned to the Superior Court, the petitioners filed a motion to amend the warrant by changing the date of the application to the justice, and the date of the issuing of the warrant, from October 27 to November 12; and also moved that the verdict be accepted.

At the hearing of these motions, *Aldrich*, J., found the following facts:

On October 27, 1883, when the application was made to a justice of the Superior Court in Boston, and granted by him, the Superior Court was in session in Worcester county. The warrant as originally issued required the sheriff to empanel the jury at Milford on November 15, 1883. On November 12, the warrant not then having been served, application was made to the same justice, at Boston, to change the time of empanelling from the 15th to the 23d of November. He did so by drawing his pen through the words " Thursday the fifteenth," and interlining the words " Friday the twenty-third." No other action was taken at that time. On November 12, the term of the Superior Court holden at Worcester on October 27 had been adjourned, but another session thereof was begun on said November 12 in Worcester county, but at an hour later than the time when said change was made in the warrant.

On October 26, 1883, the petitioners handed to a member of the board of health the following notice, signed by the petitioners: " To the board of health of the town of Milford: You are hereby notified that we appeal from your order served on us, dated October 22, 1883, relating to the extraction of oils, grease, and other substances from leather."

No other notice was served on the board of health, or any other officer of the town, of said appeal, or of the application for a warrant in the premises, or of any of the proceedings before any justice of the Superior Court preliminary to the issuing of the warrant, and no member of the said board or officer of the town was present at the time either of said applications were made to and granted by said justice.

The judge overruled the petitioners' motion to amend the record ; ordered the verdict to be set aside ; and, at the request of the parties, reported the case for the determination of this court.

*H. E. Fales*, for the petitioners.

*T. G. Kent*, for the respondent.

W. ALLEN, J. Several objections are made to the regularity of the proceedings of the appellants from an order of the board of health of the town of Milford, under the Pub. Sts. c. 80, § 84, in applying for a jury under § 88 of the same chapter. One irregularity is fatal to the proceedings, and we need not consider the other objections that have been argued.

The statute provides that the appellant shall, within three days after service of notice of the order upon him, "apply to the Superior Court, if in session in the county where such order is made, or in vacation to a justice of said court, for a jury;" and that if, by accident or mistake, he fails to apply within three days, and "makes it appear to the court or justice that such failure was caused by mistake or accident," the time shall be extended to thirty days. Pub. Sts. *c.* 80, § 88.

As the Superior Court was in session at Worcester on October 27, when the application was made to a justice of the court in Boston, he had no authority to act upon it. The recital in the warrant issued to the sheriff, that "the Superior Court not being now in session in said county of Worcester," is necessary to give validity to the warrant upon its face; but it is the fact, and not the recital of it, which gives jurisdiction to the justice. A special and limited authority is given by the statute to a person, not to a court, and it does not include jurisdiction to determine finally and conclusively the question of his own authority. If there was any hearing or adjudication upon the question, which does not appear, the respondent had no opportunity to be heard, and it took the objection as early as it was possible to take it.

It is contended that the warrant was in fact issued on November 12, at a time when the court was not in session at Worcester, and not on October 27. The warrant itself shows that it was issued on October 27, and the appellants failed to sustain a motion in the Superior Court to amend it. But we think that the facts, apart from the record, show that the application was made, and the warrant issued, on October 27. No application for a warrant was made on November 12, and the justice did not then receive or act upon an application for a jury. All that he assumed to do on that day was to change the time when the jury were to be empanelled. This may have been technically issuing a new warrant, because it made a material change, but it was not receiving and acting on an application for a warrant, and it appears as a fact that there was no finding on that day that the delay to appeal was caused by accident or mistake. Without this finding, there could be no appeal, and no warrant for a jury. The facts, then, show that there had been no valid act of the

justice before November 12, and that, if he issued a warrant on that day, he did it without the preliminary finding necessary to its validity.

If it be said, that, if the warrant should be amended and made to appear to have been issued on November 12, it would then show that the finding was made on that day, the answer is, that that would be sufficient reason for not allowing an amendment which would be contrary to the truth and make the record a false one. In fact, the warrant was not issued on November 12, and the justice did not intend that it should be taken as issued on that day. In law, for some purposes, it may be so regarded, but not to the effect of dispensing with a finding necessary to the jurisdiction.

Without considering, then, whether fractions of a day can be regarded in this matter, and whether the justice had authority to act on the day on which the term of the court began, but at an hour before it was actually in session, we think that the proceedings can derive no validity from the change made in the warrant on that day.                    *Verdict set aside.*